445 P.2d 4

**Sidney M. HORMAN and Theodore Horman, Plaintiffs-Appellants,**

**v.**

**LIQUOR CONTROL COMMISSION of Utah and Galaxy Outdoor Advertising, Inc., Defendants-Respondents.**

No. 10933.

Supreme Court of Utah.

Sept. 10, 1968.

F. Burton Howard of Kirton & Bettilyon, Salt Lake City, for plaintiffs-appellants.

Phil L. Hansen, Atty. Gen., Gary A. Frank, Asst. Atty. Gen., George M. Mc-Millan, Gordan C. Coffman, Salt Lake City, for defendants-respondents.

CROCKETT, Chief Justice:

Plaintiffs seek to restrain the advertising of light beer as permitted by Regulation No. 4 of the defendant Liquor Commission and to have that regulation declared void; whereas the Commission and the intervenor, Galaxy Outdoor Advertising, Inc., seek to have the regulation declared valid. From the granting of defendant's motion for a summary judgment, plaintiffs appeal.

The pertinent provisions of the questioned Regulation No. 4 are these:

\* \* \* \* \* \*

B. *Light beer may be advertised in any reasonable manner consistent with the public interest, subject to the following conditions:*

(1) The approval of the commission must first be obtained for every form of advertising display or method which utilizes family pets, family scenes, drinking scenes or which the advertiser has reason to believe would be deemed contrary to the public interest by the commission. \* \* \*

(2) The commission will not approve any advertising proposal, sign, display system or method which alludes to minors, or which is inconsistent with good taste or public morals.

(3) On order of the commission any sign, display or advertisement which the commission shall consider objectionable or contrary to the public interest, shall be removed.

Inasmuch as the Liquor Control Commission is created and its powers are prescribed by statute, the problem as to the validity of the questioned regulation is one of interpretation and application of the pertinent statutes. Sec. 32–1–7, U.C.A. 1953, authorizes it to make such regulations "as it may deem necessary for carrying out the provisions [of the act] and for its efficient administration. \* \* \*" This general power is limited and made more specific by other statutory provisions: ·

Sec. 32–7–26, U.C.A.1953:

The advertising of alcoholic beverages by the commission and any window display thereof in its stores are hereby expressly prohibited, except that the commission may provide for appropriate signs on window or front of building denoting the fact that it is a state liquor store or package agency, and may provide for printed price lists.

and Sec. 32–7–27, U.C.A.1953:

The prohibition against advertising alcoholic beverages and against window displays in liquor stores of the commission *shall apply in like manner to all manufacturers and licensees of alcoholic beverages,* and to package agencies. This provision shall be construed to prohibit the use of any electric or illuminated signs, contrivance or device, signboard,

billboard, or other display signs and to prohibit the display of alcoholic beverages or price lists in windows or show cases visible to passersby and to prohibit the use of any other means of inducing persons to buy alcoholic beverages, or to enter places where alcoholic beverages are sold; provided, that a simple designation of the fact that beer, wine, or other liquors are manufactured or sold under authority derived from the commission may be placed in or upon the window or front of the place of business having such authority; and *provided, further, that advertising of light beer shall be permitted under such regulation as the commission may make.*

The import of the plaintiff's argument appears to be that Sec. 26 above is a general prohibition against the advertising of all alcoholic beverages, and that the language of Sec. 27 extending the prohibition, " * * * in like manner to all manufacturers and licensees of alcoholic beverages, and to package agencies," extends the general prohibition to everyone else, which is necessarily in conformity with the statement of policy of the Liquor Control Act as set forth in Sec. 32–1–2, U.C.A.1953, which is declared to be in the exercise of the police powers of the State for the protection of the public health, peace and morals, to prevent abuses associated with saloons, to eliminate the evils attendant upon the unlicensed manufacture and sale of alcoholic beverages.

The difficulty with the plaintiff's position is that it fails to give effect to the exceptions provided for in the language at the end of said Sec. 27 as emphasized above. This runs counter to a foundational rule of statutory construction which requires us to assume that all of the words in a statute were used advisedly and that an application of the statute is favored which will give effect to all of its provisions.[1] We cannot see how language could be devised to make any plainer the authority of the Commission to issue the questioned regulation permitting the advertising of light beer than in that final proviso of Sec. 27 which states clearly, simply, and unequivocally that "advertising of light beer shall be permitted under such regulation as the commission may make." An examination of Regulation No. 4, as quoted above in this opinion, also makes clear that the Commission was fully cognizant of the Act's stated policy of protecting the public health and morals as required by the statute, and that it was exercising care to conform to that requirement.

We have reached our decision herein notwithstanding the contentions of the plaintiff based on the case of Bird & Jex Co. v. Funk.[2] We do not see that holding

---

1. See Stevenson v. Salt Lake City, 7 Utah 2d 28, 317 P.2d 597.

2. 96 Utah 450, 85 P.2d 831.

as necessarily contrary to our conclusion here. There is a significant difference in the facts. Indeed it might be said that they are reversed from those we have here. There, under the same statutory authority,[3] instead of issuing a regulation *permitting* the advertising of beer, the Commission had *prohibited* such advertising, which was the regulation there complained of. The majority opinion indicated that the portion of Sec. 27 permitting the "advertising of light beer * * * under such regulation as the commission may make" was permissive. The next to last paragraph of the opinion states:

> The proviso is merely a grant of power to the Commission to permit advertising of light beer under its regulations, which regulations shall not be contrary to the specific prohibition or out of harmony with the evident purposes of the act.

The actual holding of that case was that under the final provision of Sec. 27, here under scrutiny, considered in connection with the general purposes of the Act of eliminating evils connected with alcoholic beverages, the Commission was acting within its authority in issuing a regulation prohibiting the advertising of light beer. This is not any more contrary to than it is parallel to our holding here: that the Commission in issuing a regulation permitting the advertising of light beer was likewise acting within its authority. The fact is that as the issue was presented in the Bird & Jex case the court could not and did not establish decisional law that the Commission could not permit the advertising of light beer under proper regulations, as it is clearly and unequivocally authorized to do in the concluding portion of Sec. 27 discussed above.

The decision of the district court sustaining the authority of the Liquor Control Commission to permit the advertising of light beer on the conditions set forth in its Regulation No. 4 is affirmed. No costs awarded. (All emphasis added.)

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

3. At that time titled Sec. 114, Ch. 43, S.L.U.1935.