453 P.2d 692

**Florentino LOVATO, Plaintiff and Appellant,**

**v.**

**BEATRICE FOODS, dba Utah By-Products Company, Defendant and Respondent.**

**No. 11453.**

Supreme Court of Utah.

April 9, 1969.

Sheldon A. Vincenti, of Lowe, Vincenti & Sharp, Ogden, for appellant.

Stuart L. Poelman, of Worsley, Snow & Christensen, Salt Lake City, for respondent.

CALLISTER, Justice:

Plaintiff appeals from a summary judgment dismissing his complaint on the ground that defendant was covered by workmen's compensation insurance at the time plaintiff was injured, Section 35–1–60, U.C.A.1953. The sole issue of this case is whether the decision of the trial court can be sustained that defendant qualified as a self-insurer as of June 14, 1968.

Plaintiff contends that he is entitled to bring this action under Section 35–1–57, U.C.A.1953, for defendant's failure to comply with the provisions of Section 35–1–46, U.C.A.1953. Specifically plaintiff urges that defendant is not within the protection of the act for its failure to furnish annually to the Commission proof of financial ability to pay direct compensation, Section 35–1–46(3), U.C.A.1953.

■ We cannot agree with plaintiff's technical and strained interpretation of the provisions of the Workmen's Compensation Act relating to self-insurers.

■ In the first place, it should be noted that Utah's Act is compulsory and not permissive or elective.[1] All employers who are not specifically excepted must comply with the Act. Compliance may be accomplished in one of three ways as provided in Section 35–1–46, U.C.A.1953, i. e., (1) by being insured with the State Insurance Fund, (2) by being insured with a qualified insurance carrier, or (3) by qualifying as a self-insurer.

Failure of an employer to insure in one of these three ways constitutes a violation of the Act and subjects him to an injunction proceeding. The last two paragraphs of Section 35–1–46 provides:

> The commission is hereby authorized and empowered to maintain a suit in any court of the state to enjoin any employer, within the provisions of this act, from further operation of the employer's business, where the employer has failed to insure or to keep insured in one of the three ways in this section provided, the payment of compensation to injured employees, and upon a showing of such failure to insure the court shall enjoin the further operation of such business until such time as such insurance has been obtained by the employer. The court may enjoin the employer without requiring bond from the commission.

> If the commission has reason to believe that an employer of one or more employees is conducting a business without securing the payment of compensation in one of the three ways provided in this section, *the commission may give such employer five days written notice by registered mail* of such non-compliance and if the employer within said period does not remedy such default, the commission *may* file suit as in this section above provided and the court is empowered, ex parte to issue without bond a temporary injunction restraining the further operation of the employer's business. [Emphasis added.]

The plaintiff argues that the failure of the defendant employer to "file an annual proof of financial ability"[2] disqualified it as a self-insurer, thus giving the plaintiff employee the right to maintain a civil action as provided in Section 35–1–57. This latter section states:

> Employers who shall fail to comply with the provisions of section 35–1–46 shall not be entitled to the benefits of

---

1. Ind. Comm. of Utah v. Daly Min. Co., 51 Utah 602, 172 P. 301 (1918).

2. The statute provides only that the employer furnish "annually to the commission satisfactory proof of financial ability." Nothing is said about filing annual financial statements.

this title during the period of noncompliance, but shall be liable in a civil action * * *. [Emphasis added.]

It is of significance that the foregoing section refers to 35–1–46, as a whole, rather than to only subsection (3) thereof. It is thus apparent that the legislature was referring to a failure to be insured in one of the three enumerated ways, rather than to any one specific clause contained in the section.

The defendant employer herein applied for, and on January 26, 1963, received, a certificate from the Industrial Commission qualifying it as a self-insurer. Pursuant to an application by defendant, the Commission in February, 1966, included Utah By-Products Company as a self-insurer along with defendant. Since that time, defendant has been considered by the Commission as a qualified self-insurer. Its certification, as such, has never been revoked or questioned by the Commission; nor did the Commission ever request a financial statement until September of 1968. The plaintiff employee was injured June 14, 1968.

Since its original certification, defendant has fully complied with the provisions of Section 35–1–53, U.C.A.1953, by filing annual payroll reports and paying annually to the Tax Commission the special tax imposed on self-insurers.

The instant case is clearly distinguishable from the decision of the South Dakota Supreme Court in Utah Idaho Sugar Co. v. Temmey;[3] the facts and reasoning of that case are not applicable to the case before us for at least two reasons.

First of all, the South Dakota Workmen's Compensation Act was a permissive or elective one—not compulsory as is Utah's. The employers could choose or not whether to be subject to the act. If they did not so choose, they were liable to civil actions by injured employees, but they were not subject to being enjoined from conducting their business for noncompliance (as is the case in Utah).

Secondly, the Industrial Commission of South Dakota adopted a rule and regulation, which required the filing of a statement of financial condition on or before the first day of August of each year. It further provided that the certificate of exemption must be renewed each year by the filing of an application and financial statement, otherwise it would expire.

The Utah Commission has not adopted a similar rule or regulation. Subsection (3) of 35–1–46 which provides that "satisfactory proof of financial ability" must be furnished annually does not designate any date upon which the proof must be submitted. Thus, one might legitimately inquire as to when the period of noncompliance com-

3. 68 S.D. 623, 5 N.W.2d 486 (1942).

mences; nor does the statute delineate the type of proof which would be considered satisfactory. The vagueness of the statute, absent the adoption of a definite rule by the Commission, makes adherence thereto a practical impossibility.

Furthermore, the statute does not provide for the issuance of a certificate or its automatic expiration for failure to furnish the annual "satisfactory proof of financial ability." On the contrary, the last sentence of subsection (3) reads: "The commission may in proper cases revoke any employer's privilege as a self-insurer." This the Commission did not do.

For the foregoing reasons the decision of the trial court is affirmed. Costs are awarded to defendant.

CROCKETT, C. J., and TUCKETT, J., concur.

ELLETT, Justice (dissenting):
I dissent.

This is an appeal by plaintiff from a summary judgment dismissing his complaint. The only issue involved is whether or not his employer, the defendant, was covered by workmen's compensation insurance at the time plaintiff was injured on the job. If the defendant was a self-insurer on June 14, 1968, the trial court was correct in dismissing the plaintiff's complaint. See Sec. 35–1–60, U.C.A.1953. If the defendant was not a self-insurer on that date, the case must be remanded for trial. See Sec. 35–1–46, U.C.A.1953.

Section 35–1–46, U.C.A.1953, provides the manner in which an employer may come under the provisions of the Workmen's Compensation Law. It has an option to be covered in one of the following three ways:

(1) By insuring, and keeping insured, the payment of such compensation with the state insurance fund.

(2) By insuring, and keeping insured, the payment of such compensation with any stock corporation or mutual association authorized to transact the business of workmen's compensation insurance in this state.

(3) By furnishing *annually* to the commission satisfactory proof of financial ability to pay direct compensation in the amount, in the manner and when due as provided for in this title. In such cases the commission may in its discretion require the deposit of acceptable security, indemnity or bond to secure the payment of compensation liabilities as they are incurred, and may at any time change or modify its findings of fact herein provided for, if in its judgment such action is necessary or desirable to secure or assure a strict compliance with all the provisions of law relating to the payment of compensation and the furnishing of medical, nurse and hospital services, medicines and burial expenses to injured,

and to the dependents of killed employees. The commission may in proper cases revoke any employer's privilege as a self-insurer. [Emphasis added.]

The facts of this case are not in dispute. On January 26, 1963, the Industrial Commission of Utah certified that the defendant was qualified as a self-insurer beginning February 28, 1963. Form that time until after this action was filed, the defendant never filed with the Industrial Commission any proof indicating its financial ability to pay compensation directly. There is no question, however, but that the defendant was and now is financially able to pay the amount of an award for the injuries sustained by the plaintiff should the plaintiff be limited to an award under the statute.

The defendant claims to be protected from this civil action because the Industrial Commission never required it to file any financial statements. The answer to that contention is that the Industrial Commission has no authority to waive a clear provision of the statute.

The fact that defendant could have paid a compensation award is of no importance. The law must be the same for this defendant as it is for the marginal companies which undertake to act as self-insurers. If one must file the proof of financial ability, all must file it. There is no provision for a substantial compliance with the law.

The statute requires proof to be made *annually.* The wisdom of the Legislature in this case is not to be questioned by the courts. · A company which is financially sound and able to pay now may be insolvent next year, and all must give proof to the Industrial Commission of ability to respond so that the Commission may decide whether it should demand security from the self-insurer or enjoin it from further activity until it is able to comply with the law relating to compensation insurance.

The law of South Dakota, like that of Utah, provided for self-insurance. The statute further provided that the Industrial Commission could make rules and regulations not inconsistent with the laws of the state, etc. Pursuant to the statute, the South Dakota Industrial Commission made the following rule:

### Conditions of Exemption

The employer, if he wishes to continue under the provisions of Title 64, South Dakota Code of 1939, must furnish a statement of his financial condition, not later than the first day of August following. The certificate of exemption from the insurance requirements of the Workmen's Compensation Act, will expire on the last day of August of each year, unless the certificate is sooner revoked by the Commissioner of Insurance and the Industrial Commission, and the permit must be renewed annually upon

application and the submission and filing of a financial statement. . . .

In the case of Utah Idaho Sugar Co. v. Temmey, 68 S.D. 623, 5 N.W.2d 486 (1942), the sugar company furnished statements of financial condition and filed them with the South Dakota Industrial Commission on February 1, 1932, August 31, 1932, and November 5, 1935, at which time it received a certificate dated back to September 1, 1933. On August 13, 1937, an employee of the sugar company was injured while in the course of his employment. On April 2, 1940, the sugar company filed a further financial statement and received a certification to the effect that it was exempt from the South Dakota Workmen's Compensation Act until August 3, 1940. During the interim from August 31, 1936, when its last certificate prior to the injury of the employee expired, and April 2, 1940, the date of filing its last statement, the sugar company reported to the Industrial Commission 116 separate injuries of its employees. These reports were followed by supplemental reports showing payments to doctors and hospitals and the amount of compensation paid to each injured employee. In two of the cases the commissioner acted on the reports as made, and his records carried notations showing that the plaintiff was a self-insurer.

This action was brought against the Industrial Commissioner, the Insurance Commissioner, and the injured employee for a declaratory judgment holding the sugar company to be a self-insurer and thus to require the injured employee to accept the benefits of the Workmen's Compensation Act. The lower court dismissed the complaint, and in affirming the dismissal the South Dakota Supreme Court said:

Manifestly, it was a continuing solvency and ability to pay that the legislature had in mind as a prerequisite for exemption from the insurance requirement of the act. As practical men the legislators knew that financial status does not remain static and that a statute which expended its force in a single examination would provide little assurance of prompt payment of compensation during future years. * * *

I am of the opinion that an employer who desires to carry its own insurance must comply with the statute and file an annual proof of financial ability to pay direct compensation before it is entitled to the benefits of the act.

The judgment of the lower court should be reversed, and this case remanded for a trial upon its merits. The appellant should be awarded his costs on this appeal.

HENRIOD, J., concurs in the dissenting opinion of ELLETT, J.