493 P.2d 994

Leon C. SMITH, Plaintiff and Appellant,

v.

ALFRED BROWN COMPANY, Defendant and Respondent.

No. 12399.

Supreme Court of Utah.

Feb. 4, 1972.

---

Jackson Howard, Howard & Lewis, Provo, for plaintiff and appellant.

Raymond M. Berry, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Leon C. Brown sued defendant Alfred Brown Company, general contractor, to recover for injuries plaintiff suffered when he fell from a six-story window while working as a brickmason constructing The Deseret Towers Residence Hall at Brigham Young University.

Three defenses were interposed:

(a) that the plaintiff was covered by workmen's compensation and his recovery was limited as provided in that act;

(b) that there was no negligence of the defendant; and

(c) that if there was any negligence, it was plaintiff's own which was the sole proximate cause of his injuries.

Upon a disclosure of facts by depositions, including that of the plaintiff, the trial court granted the defendant's motion for summary judgment and dismissed the action. Plaintiff appealed.

Alfred Brown Company was the general contractor to build the dormitory known as Deseret Towers. It subcontracted the masonry work to Ashton Construction Company. The latter employed plaintiff Smith as a brickmason. On the day of the accident, June 25, 1969, he was working on a scaffold about two and a half feet high

laying bricks on an interior wall on the sixth floor. As he stepped off the scaffold his foot lit on some small loose "unknown object" on the floor. In attempting to regain his balance, he stumbled backwards about eight feet and through an open window to the ground, which resulted in a brain concussion, broken bones, and internal injuries.

Plaintiff does not contend otherwise than that he was covered and has been awarded compensation under the Workmen's Compensation Act. His position is that his employer is Ashton, and not the defendant Brown; and that he is entitled to sue the latter because Sec. 35-1-62 U.C.A.1953 of the Act preserves to an injured employee a right to sue a "third person" by whose wrongful act he was injured. It provides:

> When any injury or death for which compensation is payable . . . [is] . . . caused by the wrongful act or neglect of another person *not in the same employment,* the injured employee . . . may also have an action for damages against *such third person.*

In considering whether the defendant Brown can properly be regarded as a "third person" and "not in the same employment" as the plaintiff, it is appropriate to have in mind certain principles relating to workmen's compensation. The primary purpose was to eliminate the uncertainty, the time, effort and expense involved in the old system which required an injured employee to prove negligence of his employer as a prerequisite to any recovery, and to create a system whereby the injured employee would be assured of medical and hospital care, and a certain though modest compensation for injuries and disabilities suffered, with the attendant benefits to themselves, their families, and to society generally, including the stabilizing effect upon the economy.

The other side of the coin is the correlated important purpose of assuring employers that if they provide this protection for their employees, the employers will themselves be protected against the possibility of exorbitant claims for injuries.[1] The reasonable and fair concomitant of the foregoing is that inasmuch as the injured employee has the protection just mentioned with respect to his employer, he must forego the privilege of suing the employer. The Act expressly so provides in Sec. 35-1-60 U.C.A.1953:

> The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee . . . *shall be the exclusive remedy against* the employer . . . and the liabilities of the employer imposed by this

---

1. See Cook v. Peter Kiewit Sons, 15 Utah 2d 20, 386 P.2d 616; Henrie v. Rocky Mountain Packing Corporation, 113 Utah 415, 196 P.2d 487.

**158**

act shall be in place of any and all other civil liability whatsoever, at common law or otherwise . . .

■ The general rule, which has been approved by this court a number of times is that the act should be liberally construed to effectuate its purpose of providing protection to employees.[2] It would be quite inconsistent with our ideas of even-handed justice to apply a liberal interpretation of the Act in order to assure coverage to employees, but if it appears that there is other coverage, to then reverse the policy and apply a restrictive view to exclude coverage in order to allow an employee to sue an employer.[3] We think the ends of justice will best be served and the beneficial purposes of the Act will be best accomplished for employees and employers alike, if the statute is applied in an uniform manner, whoever's rights may be at stake.

Reverting our attention to the issue in this case in the light of the foregoing principles, another section of the Act is pertinent. Sec. 35–1–42 provides:

Where any employer [general contractor Brown] procures any work to be done wholly or in part for him by a contractor over whose work he retains supervision or control, and such work is a part or process in *the trade or business* of the employer, such contractor, and all persons employed by him, and all *subcontractors under him*, [i. e., Ashton], and all persons employed [i. e., plaintiff Smith] by any such subcontractors, shall be deemed, within the meaning of this section, employees of such original employer. . . .

■ The "trade or business of the employer," defendant Brown, was the total project: the construction of the dormitory.[4] It is significant that the agreement between defendant Brown and the sub-contractor Ashton provided in Clause 3:

The Subcontractor shall prosecute the work undertaken in a prompt and diligent manner whenever such work, or any part of it, becomes available, or at such other time or times as the Contractor, may direct, and *so as to promote the general progress of the entire construction.*

If the total situation shown in this case, including the supervisory authority given the general contractor Brown by the Clause 3 just quoted, is viewed in the light of the principles herein discussed as applied to the controlling statutes, the trial court was justified in viewing the situation thus: that

2. E. g. See M & K Corp. v. Industrial Comm., 112 Utah 488, 189 P.2d 132; Park Utah Consolidated Mines Co. v. Industrial Comm., 84 Utah 481, 36 P.2d 979.

3. Cook, Footnote 1 above.

4. That employees of subcontractors are generally held to be covered by workmen's compensation under coverage of the general contractor engaged in the same project of work. See Ann. 150 A.L.R. 1214 and cases therein cited.

the defendant general contractor Brown had sufficient supervision and control over the "subcontractors under him," [i. e. Ashton], that "all persons employed by any such subcontractor" [i. e., plaintiff Smith] should be deemed an employee of the general contractor defendant Brown; and that consequently the plaintiff would be covered by workmen's compensation as an employee of the latter[5] and thus precluded from maintaining this suit. Accordingly the summary judgment was properly granted.

The sustaining of the trial court's ruling on the basis discussed above renders it unnecessary to consider the other propositions relied upon by the defendant: that there was no negligence on its part, and that if there was negligence, it was the plaintiff's own which caused his fall. However, we think it not amiss to observe that, assuming negligence might be found against the defendant in leaving the open window, this was a static condition, observable to and observed by the plaintiff, and there would be a serious question as to whether under the particular circumstances shown it should be ruled as a matter of law that plaintiff's own conduct was the later intervening and therefore sole proximate cause of the accident, which problem we do not reach nor deal with on this review.[6] (All emphasis added.)

Affirmed. Costs to defendant (respondent).

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

5. As to degree of control necessary to make an employee covered by the Act, see Parkinson v. Industrial Commission, 110 Utah 309, 172 P.2d 136; Christean v. Industrial Commission, 113 Utah 451, 196 P.2d 502.

6. See discussion of later intervening negligence as proximate to cause in Toma v. Utah Power and Light Co., 12 Utah 2d 278, 365 P.2d 788, and Hillyard v. Utah By-Products, 1 Utah 2d 143, 263 P.2d 287.