**Elna A. SHUPE, and Yavette Shupe, by and through her guardian ad litem, Elna A. Shupe, Plaintiffs and Appellants,**

v.

**WASATCH ELECTRIC COMPANY, INC., a Utah Corporation, and Esco Corporation, an Oregon Corporation, Defendants and Respondents.**

**No. 14117.**

Supreme Court of Utah.

Feb. 20, 1976.

1.   47 Utah 7, 151 P. 518 (1915).

D. Clayton Fairbourn, Salt Lake City, for plaintiffs and appellants.

Richard H. Moffat, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

This is a wrongful death action brought by the plaintiffs who are the wife and daughter of a deceased workman who was in the employ of Christiansen Brothers Construction Company. The district court granted a motion for summary judgment by the defendants, and the plaintiffs appeal.

Christiansen Brothers Construction Company was a general contractor engaged in the construction of condominiums in Salt Lake City, Utah. The defendant Wasatch Electric Company was a subcontractor who agreed to design, furnish and install all the necessary electrical wiring and equipment at the construction site. Prior to July 19, 1974, Wasatch had installed electrical cables for the purpose of supplying power to a crane owned and operated by Esco Corporation. On July 19, 1974, Tom Shupe, a carpenter, was employed by the general contractor and was performing carpentry work on the construction site. The electrical cable had been draped over certain metal forms and reinforcing steel. Due to defective or insufficient insulation of the cables, electrical energy escaped from the cables and energized certain metal cement forms that Shupe was working with, resulting in his electrocution.

■ Plaintiffs filed their complaint pursuant to the provisions of Section 35–1–62, U.C.A.1953, the pertinent part of which reads as follows:

When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of another person not in the same employment, the injured employee, or in case of death his dependants, may claim compensation and the injured employee or his heirs or personal representatives may also have an action for damages against such third person. . . .

The term "same employment" used in the statute has been defined by this court in a

number of prior decisions. The case of *Adamson v. Okland Construction Co.*[1] was a wrongful death case wherein the plaintiff's decedent who was an employee of a subcontractor sought to recover from the general contractor. Likewise in *Smith v. Alfred Brown Co.*[2] the plaintiff, an employee of the subcontractor, sued the general contractor to recover for injury sustained on the job. In both of those cases the general contractor, by the terms of the contracts, retained supervision and control over the subcontractors. The provisions of Section 35–1–42, U.C.A.1953, which defines employers who are subject to the provisions of the Workmen's Compensation Act, provides coverage for the employees of subcontractors where supervision or control is retained by the employer who employed the subcontractor, and all such persons employed by such subcontractors shall be deemed to be employees of the original employer. In *Smith* and *Adamson* above referred to the contract provisions providing for control and supervision of subcontractors for the general contractor are quite similar to contract provisions in this case. We do not believe that in this case the plaintiffs' decedent was an employee of the general contractor rather than being an employee of the subcontractor as was the case in *Smith* and *Adamson,* is a sufficient distinction to take the case out of the rule enunciated in those cases.

The legislature, undoubtedly being aware of the decisions of this court construing the terms "same employment" in 1975 amended Section 35–1–62, U.C.A.1953, by adding the following provision:

> For the purposes of this section and notwithstanding the provisions of Section 35–1–42, the injured employee or his heirs or personal representative may also maintain an action for damages against subcontractors, general contractors, independent contractors, property owners or their lessees or assigns, not occupying an employee-employer relationship with the injured or deceased employee at the time of his injury or death.

The amendment if applicable would leave the plaintiffs in court.

The defendants contend that the amendment can have only retrospective effect and that the amendment was adopted and became effective after the plaintiffs' cause of action arose. The early case of *Mercur Gold M. & M. Co. v. Spry*[3] dealt with the problem in the following language:

> Constitutions, as well as statutes, should operate prospectively only, unless the words employed show a clear intention that they should have a retrospective effect. This rule of construction as to statutes should always be adhered to, unless there be something on the face of the statute putting it beyond doubt that the legislature meant it to operate retrospectively.

The rule in that case has been codified in Section 68–3–3, U.C.A.1953, which reads as follows:

> No part of these revised statutes is retroactive, unless expressly so declared.

The amendment above referred to provides a cause of action on behalf of an injured workman against individuals not covered by the statute prior to its amendment. To apply the statute retroactively would compel a new class of individuals to assume risks which did not exist prior to the amendment, and we are of the opinion that retroactive application would deny equal protection to a new class brought within the terms of the statute as amended so as to deprive them of equal protection of the laws.

1. 29 Utah 2d 286, 508 P.2d 805.

2. 27 Utah 2d 155, 493 P.2d 994.

3. 16 Utah 222, 52 P. 382; *In re Ingrahams Estate,* 106 Utah 337, 148 P.2d 340; *Petty v. Clark,* 113 Utah 205, 192 P.2d 589.

The other contentions of the plaintiffs as grounds for a reversal we deem to be without merit.

The judgment of the court below is affirmed. No costs awarded.

HENRIOD, C. J., and CROCKETT, J., concur.

MAUGHAN, Justice (dissenting):

For the following reasons, I dissent:

The issue in this matter is whether under Section 35–1–62, U.C.A.1953, a subcontractor is a third person "not in the same empoyment," with an employee of a general contractor. The majority opinion relies on *Adamson v. Okland Construction Company*[1] and *Smith v. Alfred Brown Company*[2] and holds them applicable in the instant fact situation. In both these cases, a general contractor was held to be the statutory employer under Section 35–1–42(2) of the employees of a subcontractor and therefore not within the exception set forth in Section 35–1–62—distinguishable situations.

The language of Section 35–1–42 clearly shows the legislative intent. The initial sentence provides:

The following shall constitute employers subject to the provisions of this title:

Title is the key word here. Thus the definitions of Section 42 insofar as a "statutory employer" is involved is to be applied to the entire act. In contrast, subsection 2 provides those who are to be deemed "statutory employees" are made so only for the purposes of that section. Section is here the key word. The pertinent provisions of subsection 2 are:

Where any employer procures any work to be done wholly or in part for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, such contractor, and all persons employed by him, and all subcontractors under him, shall be deemed, within the meaning of this section, employees of such original employer. . . .

The legislature specifically has expressed an intention that its definition of a statutory employer remain constant throughout the Workmen's Compensation Act. In contrast, its definition of who are statutory employees is expressly confined to those provisions wherein the responsibility flowing to them from the statutory employer is set forth.

The definition of a third person "not in the same employment" is not the subject of 35–1–42(2). The concept of "all persons in the same employment" does not include subcontractors, and their employees, on the same project; thus they are not immune as co-employees of an employee of a general contractor.[3]

The legislature in enacting Section 35–1–42 was not concerned with third-party tort liability; its purpose was to establish a general statutory definition of an employer, to assure that a general contractor would guarantee compensation for the employees of a subcontractor. Where a statute such as Section 35–1–42 makes the general contractor the employer for purposes of the compensation statute certainly he should enjoy the regular immunity of an employer from third-party suit when the facts are such that he could be made liable for compensation. The majority of courts have so held.[4]

. . . the overall responsibility of the general contractor for getting subcontractors insured, and his latent liability for compensation if he does not, should be sufficient to remove him from the category of "third party." He is under a continuing potential liability; he has thus assumed a burden in exchange for which he might well be entitled to

1. 29 Utah 2d 286, 508 P.2d 805 (1973).

2. 27 Utah 2d 155, 493 P.2d 994 (1972).

3. 2 Larson's Workmen's Compensation Law, Section 72.20, pp. 14–44 to 14–46.

4. Id., Section 72.31 p. 14–47.

immunity from damage suits, regardless of whether on the facts of a particular case actual liability exists. This burden may also be translated into financial terms. . . . The general contractor, by insisting that the subcontractor carry compensation insurance, imposes a cost on the subcontractor which the subcontractor will pass on to the contractor in his charges under the subcontract.[5]

When the positions are reversed, and an employee of the general contractor, or the general contractor himself as subrogee sues the subcontractor in negligence, the great majority of jurisdictions have held that the subcontractor is a third party amenable to suit. The reason for the difference in result is forthright: the general contractor has a statutory liability to the subcontractor's employee, actual or potential, while the subcontractor has no comparable statutory liability to the general contractor's employee.[6]

*Frohlick Crane Service, Inc. v. Mack* [7] is factually similar to the instant action. There, an employee of the general contractor sued the subcontractor for negligence. The trial court dismissed the action on the ground that plaintiff was suing his co-employee, and such suit was not permissible under a statute which permits an employee to bring an action against a person "not in the same employ." The ruling of the trial court was predicated on a statute which provided that an employer, who contracts part of his work to a subcontractor, is deemed to be the employer of the subcontractor and his employees for Workmen's Compensation purposes.

The Supreme Court of Colorado stated that to treat the two parties as co-employees would be exalting form over substance,

for statutory interpretation must be governed by legislative intent. The purpose of the Workmen's Compensation Act was to afford compensation for work-related injuries, regardless of fault. The employer, in return for his responsibility under the act is granted immunity for common-law claims, but the act does not shield third-party tort feasors. To prevent an employer from avoiding responsibility under the act by contracting his work to an uninsured contractor, the statute provides that a subcontractor and his employees are deemed to be the employees of such an employer. These provisions do not indicate a legislative intention that a subcontractor should be free of responsibility for his own negligence. The court held, in accordance with the great weight of authority, that subcontractors are subject to suit by employees of the general contractor.

A valuable common-law right should not be deemed destroyed by a statute, except by explicit language. The instant action is not a case where the claimant's right to compensation is dependent upon labeling the general contractor as a statutory employer.

The proper interpretation of the phrase "not in the same employment" (35–1–62), in the absence of a true employer-employee relationship, renders a subcontractor a third party not immune to a common-law negligence action by an employee of the general contractor.

This cause should be reversed, and remanded for trial on its merits.

ELLETT, J., concurs in the views expressed in the dissenting opinion of Mr. Justice Maughan.

5. Id., Section 72.31, pp. 14–55 to 14–56.

6. Id., Section 72.32, pp. 14–66 to 14–68.

7. Colo., 510 P.2d 891 (1973).