Rita L. PATE, Plaintiff and Appellant,

v.

MARATHON STEEL COMPANY, an Arizona corporation, Hensel–Phelps Company, a Colorado corporation, and Erico Products, Inc., an Ohio corporation, Defendants and Appellees.

MARATHON STEEL COMPANY, Third–Party Plaintiff,

v.

PLACERS, INC., Third–Party Defendant.

No. 20485.

Supreme Court of Utah.

June 6, 1989.

Wilford A. Beesley, Jack Faircough, Salt Lake City, for plaintiff and appellant.

Jay E. Jensen, William J. Hansen, Salt Lake City, for Marathon Steel Co.

D. Gary Christian, Salt Lake City, for Hensel–Phelps Co.

Scott W. Christensen, Salt Lake City, for Erico Products, Inc.

Robert W. Brandt, Michael E. Dyer, Salt Lake City, for Placers, Inc.

W. Brent Wilcox, Roger D. Sandack, Edward B. Havas, Salt Lake City, for amici curiae Utah Chapter AFL–CIO and United Mine Workers of America, District 22.

James B. Lee, James M. Elegante, T. Patrick Casey, Salt Lake City, for amici curiae Utah Mfrs. Ass'n, Utah Petroleum Ass'n, and Utah Mining Ass'n.

HOWE, Associate Chief Justice:

Plaintiff Rita Pate seeks reversal of a summary judgment granted by the trial court to defendants Marathon Steel Company and Hensel–Phelps Company.

Pate was an apprentice-trainee ironworker who was hired by Placers, Inc., in June 1980, to assist in the construction of the Cove Fort Canyon overpass on Interstate Highway 15 in Sevier County, Utah. Placers was a subcontractor of Marathon Steel, who in turn was a subcontractor of Hensel–Phelps, the general contractor on the project. Pate was assisting in cadwelding, a process which fuses together the ends of reinforcing bars, when a fire accidentally occurred. She endeavored to climb out of the metal concrete forms in which she was working, but because the sides of the forms were slick and oily, her extrication was slowed and she sustained severe burns over one-third of her body. She brought the instant action against Marathon Steel and Hensel–Phelps pursuant to Utah Code Ann. § 35–1–62 (1988), claiming they were negligent in the construction and maintenance of the concrete forms. She also joined as a defendant, Erico Products, Inc., manufacturer of the cadwelder and asserted against it a products liability claim. Her immediate employer, Placers, Inc., paid her workers' compensation benefits and was not sued, inasmuch as it was being uncontested that those benefits were her exclusive remedy against Placers under Utah Code Ann. § 35–1–60 (1988) of the Workers' Compensation Act.

Marathon and Hensel–Phelps moved for summary judgment, contending that they, too, were Pate's employers and were shielded from tort liability by the exclusive

remedy provision of section 35–1–60. The trial court granted the motion, stating that "there are no material issues of fact in dispute" and holding that Marathon Steel and Hensel–Phelps were "statutory employers" of Pate under section 35–1–42(2) (1975) (amended as § 35–1–42(3)(b) by 1986 Utah Laws ch. 211, § 3 (Supp.1986)) (amended as § 35–1–42(5) by 1988 Utah Laws ch. 109, § 1 (Supp.1988)) and were entitled to the immunity afforded by section 35–1–60. The trial court certified the order as final under rule 54(b) of the Utah Rules of Civil Procedure, and Pate brings this appeal. The sole question for our determination is whether, assuming Marathon Steel and Hensel–Phelps are statutory employers of Pate under section 35–1–42(2), she can sue them for their negligence pursuant to section 35–1–62 or whether those defendants enjoy immunity from such suit under section 35–1–60.

Prior to 1975, section 35–1–62 provided:

When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of *another person not in the same employment,* the injured employee, or in case of death, his dependents, may claim compensation and the injured employee or his heirs or personal representative may also have an action for damages against such third person. . . .

In cases arising under this section, this Court gave the italicized words of the statute a broad interpretation and held that in general other contractors and subcontractors on the project, including "statutory employers" of the injured or deceased worker, were "in the same employment" and could not be sued. *See Adamson v. Okland Constr.,* 29 Utah 2d 286, 288–89, 508 P.2d 805, 807 (1973); *Smith v. Alfred Brown Co.,* 27 Utah 2d 155, 158, 493 P.2d 994, 995 (1972).

In 1975, the legislature amended section 35–1–62 and deleted the italicized language and substituted in lieu thereof the words "a person other than an employer, officer, agent, or employee of said employer." Also, a new paragraph was added to the statute. Thus after the 1975 amendment, section 35–1–62 provided, so far as is pertinent here, as follows:

When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of *a person other than an employer, officer, agent, or employee of said employer,* the injured employee, or in case of death, his dependents, may claim compensation and the injured employee or his heirs or personal representative may also have an action for damages against such third person. . . .

For the purposes of this section and notwithstanding the provisions of section 35–1–42, the injured employee or his heirs or personal representative may also maintain an action for damages against subcontractors, general contractors, independent contractors, property owners or their lessees or assigns, not occupying an employee-employer relationship with the injured or deceased employee at the time of his injury or death.

(Italics added.)

The amendment is contained in 1975 Utah Laws chapter 101, section 3. The statute remained unchanged when the plaintiff was injured in 1980.

Marathon Steel and Hensel–Phelps contend that even though the 1975 amendment to section 35–1–62 narrowed the class of persons who could not be sued, the amended language nevertheless still bars suits against them since they were "statutory employers" of Pate at the time of the accident and fall within the amended language of the statute which still bars suit against "an employer, officer, agent, or employee of said employer." These defendants argue that they were "statutory employers" as defined in section 35–1–42(2), inasmuch as they retained supervision and control over Placers' work, which was a part or process in the trade and business of Marathon and Hensel–Phelps. Section 35–1–42(2) provided at the time of the accident, so far as is pertinent here:

The following constitute employers subject to the provisions of this title:

(1) . . . .

(2) ....

....

Where any employer procures any work to be done wholly or in part for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, such contractor, and all persons employed by him, and all subcontractors under him, and all persons employed by any such subcontractors, shall be deemed, within the meaning of this section, employees of such original employer.

These defendants assert that inasmuch as they were statutory employers, they were contingently liable for the payment of workers' compensation benefits to plaintiff had her immediate employer, Placers, failed to pay them. Because of that contingent liability, they maintain that they should be entitled to enjoy the same immunity from tort liability that Placers enjoys. They point out that section 35–1–60, which makes workers' compensation benefits the exclusive remedy of an injured worker against his employer, makes no distinction between an immediate employer and statutory employers. That section provides:

35–1–60. The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or not, *shall be the exclusive remedy against the employer* ... and *the liabilities of the employer imposed by this act shall be in place of any and all* other *civil liability whatsoever, at common law or otherwise, to such employee* ... *on account of any* accident or *injury* or death, in any way contracted, sustained, aggravated or *incurred by such employee in the course of* or because of or arising out of *his employment,* and *no action* at law *may be maintained against an employer* or against any officer, agent or employee of the employer *based upon* any accident, *injury* or death *of an employee.*

(Italics added.)

In support of their position, defendants rely heavily upon *Hinds v. Herm Hughes*

*& Sons, Inc.,* 577 P.2d 561, 563 (Utah 1978), where this Court in a three-to-two decision remanded an action to the trial court for a determination whether the defendant was a statutory employer of the plaintiff. Implicit in that remand was the conclusion that if the defendant were, in fact, a statutory employer, he could not be sued by the plaintiff under the 1975 amendment to section 35–1–62. Two members of this Court dissented from the remand on the ground that even if the defendant were a statutory employer, it was not immune from suit.

We will assume for the purposes of our decision here that both Marathon Steel and Hensel–Phelps were statutory employers of plaintiff as the trial court found. That assumption, however, is unavailing to them. Their position in this case and the arguments which they have advanced to support it fail to give any effect to the new paragraph added to section 35–1–62 in 1975. Had the legislature only narrowed the class of persons entitled to immunity from suit from "persons in the same employment" to "an employer, officer, agent, or employee of said employer," defendants' arguments would be much more persuasive. However, the legislature, in order to answer the very contention now made by defendants, inserted the new paragraph to make clear that statutory employers, as defined in section 35–1–42, were not to be construed as "employers" who were shielded from suits brought under section 35–1–62. Nowhere in their briefs filed with this Court have defendants, like the majority of this Court in *Hinds v. Herm Hughes & Sons, Inc.,* given any effect to this new paragraph.

It is elementary that in construing a statute, all words are presumed to have been used advisedly and that construction is favored which gives effect to all of its provisions. *Horman v. Liquor Control Comm'n,* 21 Utah 2d 294, 296–97, 445 P.2d 4, 6 (1968); *Totorica v. Thomas,* 16 Utah 2d 175, 178, 397 P.2d 984, 987 (1965). That new paragraph provides that "[f]or the purposes of this section and notwithstanding the provisions of section 35–1–42," the injured employee may, in addition to receiv-

ing workers' compensation, maintain an action for damages against subcontractors, general contractors, independent contractors, property owners, or their lessees or assigns, who do not occupy an employee-employer relationship with the injured worker at the time of his injury. The phrase reading "notwithstanding the provisions of section 35–1–42" means in opposition to and not in compatibility with section 35–1–42. Actually, the word "notwithstanding" means "in spite of." *Theodore Roosevelt Agency, Inc. v. General Motors Acceptance Corp.*, 156 Colo. 237, 240, 398 P.2d 965, 966–67 (1965). See 28A *Words & Phrases* "Notwithstanding," at 576 (1st ed. 1955), at 159–60 (Supp.1988), for additional cases defining "notwithstanding." As used in section 35–1–62, it means that the rights conferred there are not to be diminished, modified, or interpreted by anything contained in section 35–1–42.

We therefore conclude that the legislature has in clear and unmistakable language evinced an intention to allow suits by an injured worker against those persons who might be his or her statutory employer as defined in section 35–1–42. The immediate, or common law, employer, who actually pays compensation, and its officers, agents, and employees are shielded by the exclusive remedy immunity conferred by section 35–1–60. We disavow any contrary implication in *Hinds v. Herm Hughes & Sons, Inc.* We express no opinion as to the amenability of a statutory employer to suit when it has, in fact, been required to pay compensation to the injured worker because of the default or failure of the immediate employer to do so. See *Thomas v. Farnsworth Chamber Co.*, 286 F.2d 270, 273 (10th Cir.1960); *Fonseca v. Pacific Constr. Co.*, 54 Haw. 578, 583–84, 513 P.2d 156, 159–60 (1973). That question is not before us, and we leave that decision for another day.

The summary judgment granted to Marathon Steel and Hensel–Phelps is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

HALL, Chief Justice, and DURHAM, STEWART and ZIMMERMAN, JJ., concur.