Timothy R. BOSCH, Plaintiff and Appellant,

v.

BUSCH DEVELOPMENT, INC., Defendant and Appellee.

No. 870429.

Supreme Court of Utah.

June 6, 1989.

Fred R. Silvester, Charles P. Sampson, Salt Lake City, for plaintiff and appellant.

William W. Barrett, Robert H. Rees, Salt Lake City, for defendant and appellee.

HOWE, Associate Chief Justice:

Plaintiff Timothy R. Bosch appeals from a summary judgment granted to defendant Busch Development, Inc.

Plaintiff was employed by Thermal Energy Amalgamated Manufacturing Corporation (TEAM), a subcontractor of defendant, who was the owner and developer of a building project. While plaintiff was installing decorative rock panels on a building, he fell from a steel beam, sustaining serious injuries. He received workers' compensation benefits from TEAM and filed suit against defendant pursuant to Utah Code Ann. § 35-1-62 (1988), claiming that it was negligent in failing to provide safe working conditions. Defendant moved for summary judgment, contending that it was plaintiff's statutory employer under Utah Code Ann. § 35-1-42(2) (Supp. 1981) (amended as § 35-1-42(3)(b) by 1986 Utah Laws ch. 211, § 3 (Supp.1986)) (amended as 35-1-42(5) by 1988 Utah Laws ch. 109, § 1 (Supp.1988)) and, as such, enjoyed the immunity from suit afforded by Utah Code Ann. § 35-1-60 (1988), which provides that workers' compensation is the employee's exclusive remedy against his employer. The trial court granted the summary judgment, and plaintiff appeals. This appeal was consolidated by us with the appeal in *Pate v. Marathon Steel Co.*, 777 P.2d 428 (Utah, 1989), also decided today.

As in *Pate v. Marathon Steel Co.*, the sole question for our determination is whether, assuming defendant is a statutory employer of plaintiff under section 35-1-42(2), he can sue it for its negligence pursuant to section 35-1-62 or whether defendant enjoys immunity from such suit under section 35-1-60. In *Pate v. Marathon Steel Co.*, we held that a worker can sue a statutory employer who has not been required to pay workers' compensation benefits and that the latter does not partake of the immunity afforded by section 35-1-60. That decision is wholly dispositive of the identical issue raised by this appeal.

The summary judgment granted to defendant is reversed, and the case is remanded to the trial court for further proceedings.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.