Glen L. LAMB, Plaintiff–Appellant,

v.

W–ENERGY, INC., a Florida corporation; Convest Energy Corporation, a Massachusetts corporation; Lehndorff/LGB Minerals, Inc., a Texas corporation; Texas Gas Exploration Corporation, a Louisiana corporation; ANR Limited, Inc., a Delaware corporation; Forcenergy, Inc., a Delaware corporation; and Orbit Valve, Inc., Defendants–Appellees.

No. 87–1930.

United States Court of Appeals, Tenth Circuit.

Sept. 7, 1989.

E. Scott Savage, David J. Jordan, and David R. Black, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for plaintiff-appellant.

Kent H. Murdock and Thomas L. Kay, Ray, Quinney & Nebeker, Salt Lake City, Utah, for defendants-appellees Texas Gas Exploration Corp. and ANR Ltd., Inc.

McKAY, TACHA, and EBEL, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the district court granting summary judgment for defendants, holding them to be "statutory employers" within the meaning of Utah Code Ann § 35–1–60 and 35–1–62 (1974) (amended 1975). The pertinent facts and the analysis of the district court may be found in *Lamb v. W–Energy, Inc.*, 663 F.Supp. 395 (D.Utah 1987).

While this appeal was pending, the Utah Supreme Court issued its opinion in *Pate v. Marathon Steel Co.*, 777 P.2d 428 (Utah 1989), a case presenting issues similar to those raised herein concerning application of the cited provisions of the Utah Workers' Compensation Act. In that opinion, the supreme court unanimously determined "that the legislature has in clear and unmistakable language [in its 1975 amendment to § 35–1–62] evinced an intention to allow suits by an injured worker against those who might be his or her statutory employer as defined in section 35–1–42," and accordingly held that the state workers' compensation act should no longer be construed to provide tort immunity to statutory employers who have not been required to pay benefits thereunder to the injured worker. *Id.*, at 431. Since just such immunity was the premise upon which the district court's analysis rested, *see Lamb*, 663 F.Supp. at 398 n. 9, if *Pate* is applicable in the present proceeding, the district court's judgment in favor of defendants cannot stand.

As discussed in *Pate* and in the district court's opinion, the Utah Supreme Court dealt once before with the 1975 amendment to § 35–1–62 in the present context, and in that earlier encounter a divided court implied that, despite strong textual argu-

ments to the contrary, the amendment had not divested statutory employers of the tort immunity they had enjoyed under the earlier version of the statute. *See Hinds v. Herm Hughes & Sons, Inc.*, 577 P.2d 561 (Utah 1978). Consequently, in determining the validity of plaintiff's cause of action, our first concern must be with the effect to be given *Pate* in pending workers' compensation litigation.

It is for the Utah courts to decide whether to accord retroactive or only prospective effect to their own decisions overruling prior precedents. *See Andrews v. Shulsen*, 802 F.2d 1256, 1270 (10th Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 1091, 99 L.Ed.2d 253 (1988), citing *Great N.R.R. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360 (1932). For the reasons set out below, the actions of the Utah Supreme Court and principles of Utah law generally both persuade us that *Pate* will be given retroactive application in the Utah courts.

First of all, it is the established rule in Utah that overruling decisions ordinarily have retroactive effect. *See generally Loyal Order of Moose, No. 259 v. County Bd. of Equalization*, 657 P.2d 257, 264 (Utah 1982); *State Farm Mut. Ins. Co. v. Farmers Ins. Exch.*, 27 Utah 2d 166, 493 P.2d 1002, 1003 (1972). Moreover, there is nothing in the language of the *Pate* opinion to suggest that the supreme court contemplated any departure from the general rule favoring retroactivity. Indeed, the supreme court's unqualified application of its new interpretation of § 35-1-42 to the *Pate* litigants themselves is some affirmative evidence of the court's intent to give its ruling general retroactive application.[1] *See generally Welyczko v. U.S. Air, Inc.*, 733 F.2d 239, 241 (2d Cir.), *cert. denied*, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *Zavala v. Arizona State Personnel Bd.*, 159 Ariz. 256, 766 P.2d 608, 609 (Ariz. App.1987). Furthermore, in light of the

divided nature, tentative character, and brief, untested tenure of the *Hinds* decision, and given the supreme court's later unanimous acknowledgment of the amended statute's "clear and unmistakable language" squarely inconsistent therewith, *Pate* cannot realistically be characterized as the type of clear, unanticipated break with firmly established precedent that would counsel in favor of prospective application. Finally, we take judicial notice of the Utah Supreme Court's recent order in *Mathie v. Interwest Construction Co., Inc.*, No. 890085 (Utah filed July 5, 1989), summarily reversing and remanding another statutory employer case "for a trial on the merits in accordance with [the] holding in *Pate v. Marathon Steel Company*," which is entirely consistent with our retroactivity determination today.

The judgment of the United States District Court for the District of Utah is REVERSED, and the cause is REMANDED for further proceedings consistent herewith. The mandate shall issue forthwith.

---

1. We do recognize, however, the special nature of first impression cases (as compared to those of second impression, such as the one at bar), which involve the additional policy consideration of affording the benefits of a change in law to the party whose efforts brought it about. *See generally, e.g., Retail, Wholesale & Dep't Store*

*Union v. NLRB*, 466 F.2d 380, 390 (D.C.Cir. 1972), explained in *Clark–Cowlitz Joint Operating Agency v. F.E.R.C.*, 826 F.2d 1074, 1082 n. 6 (D.C.Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1088, 99 L.Ed.2d 247 (1988); *Lau v. Nelson*, 92 Wash.2d 823, 601 P.2d 527, 529 (1979).