Kenneth RIDDLE, Plaintiff and Appellant,

v.

Alan MAYS and Mountain States Insulation Corp., a Utah corporation, Defendants and Appellees.

No. 880204.

Supreme Court of Utah.

Sept. 29, 1989.

Gordon K. Jensen, Robert J. Debry, Salt Lake City, for plaintiff and appellant.

Nelson Hayes, Susan P. Dryer, Lloyd A. Hardcastle, Salt Lake City, for defendants and appellees.

### PER CURIAM:

Plaintiff Riddle was an employee of Owens–Corning Fiberglass Corporation in January of 1985. Owens–Corning had contracted to erect a warehouse and to install insulation and paneling at the Intermountain Power Project. Defendant Mays was employed by Mountain States Insulation Corporation, which was a subcontractor of Owens–Corning at the same site. On January 2, 1985, plaintiff was injured while sitting in a truck when he was hit by another truck driven by Mays. Both plaintiff and Mays were in the course of their employment when the accident occurred.

Plaintiff brought this action to recover for his injuries. On motion of defendants, the trial court entered summary judgment dismissing the complaint on the ground that Owens–Corning is the statutory employer of Mays under Utah Code Ann. § 35–1–42(2) (as amended 1983)[1] and Riddle's exclusive remedy is workers' compensation under Utah Code Ann. § 35–1–60 (1988).

Plaintiff appeals, arguing that under section 35–1–62 only his direct and actual employer, Owens–Corning, and its agents and employees are immune from suit under section 35–1–60. Since defendant Mountain States Insulation is merely a subcontractor of his employer, the trial court was in error, plaintiff says, in ruling that subsection 35–1–60 rather than 35–1–62 applies. Plaintiff cites *Shupe v. Wasatch Electric Co.*, 546 P.2d 896 (Utah 1976), in which, he argues, this Court interpreted the statute favorably to his position. Defendants, however, rely on *Hinds v. Herm Hughes & Sons, Inc.*, 577 P.2d 561 (Utah 1978), as supporting the trial court's ruling.

In *Pate v. Marathon Steel Co.*, 777 P.2d 428 (Utah 1989), this Court ruled that under section 35–1–62, as amended in 1975, a worker can recover against those persons who might be his or her statutory employers under section 35–1–42. In *Pate*, we disavowed any language in *Hinds* which might be construed to the contrary. *Pate* is controlling here, and the trial court's judgment dismissing the complaint is vacated.

Reversed and remanded for further proceedings.

---

1. This statute is presently Utah Code Ann. § 35–1–42(5) (1988).