JAMES GRANEY'S CASE.

Cumberland.    Opinion October 2, 1922.

*Workmen's Compensation Act as amended. If an employer and employee do not agree respecting compensation, or if such agreement is made but fails of the approval of the Commission, in each of such cases, within two years of date of injury, either party may institute original proceedings by petition to have compensation determined. In case of an agreement respecting compensation approved by the Commission, or a decree determining it, a review may be had, if the petition therefor is filed within the time such payment is to be made, and within two years from date of approval or entry of decree. Section 16 of said Act applies only to those cases which it definitely mentions.*

Maine Laws of 1919, Chap. 238, Secs. 30, 39; Sec. 36; Sec. 16; Workmen's Compensation Act.

If an employer and his employee do not reach an agreement respecting the compensation to be paid, or, if an agreement arrived at by them fails of the Labor Commissioner's approval, then, and in each of these instances, within two years of the day of the date of the injury, either employee or employer may make application that the amount of compensation be fixed. Proceedings of this nature are called original.

If there be an officially-approved agreement, or a fixing decree, then, within both, the time which the one or the other assigns for the payment of compensation and two years from the date of approval or entry of decree, there may be a reconsideration of the situation with regard to the question of whether incapacity for work has ended, increased, or diminished. A petition of this kind is known as one for a review.

Section 16 deals with what, in named instances, shall be deemed the duration of presumed total disabilities for working, reserving questions of partial disabilities, remaining after the presumed total ones, to be decided conformably to the provisions of another section. Section 16 lays down a prevailing definition as to those, and only those, cases which it definitely mentions.

On appeal by defendants. This is an appeal from the decision of the Industrial Accident Commission, granting to claimant com-

pensation for partial disability in the sum of $14.89 per week, commencing from the date of the last payment of the specific compensation and to continue according to the provisions of Sections 16, and 15 of the Workmen's Compensation Act in effect at the time of the accident. The question involved is whether an original petition for compensation will lie after the expiration of the period set by an approved agreement, or by a decree, for the payment of compensation. Appeal sustained. Petition dismissed.

The case is fully stated in the opinion.

*C. L. & P. E. Donahue and William H. Looney,* for plaintiff.

*Robert Payson,* for defendants.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

DUNN, J. The staple of the story of this case may be presented briefly: Arising out of his employment by the Kennebec Wharf & Coal Company, and in the course of that employment, a personal injury befell James Graney, involving his right hand and incapacitating him for work. He and his employer agreed upon the amount of a weekly stipend allowable under the Workmen's Compensation Act. Their agreement being approved by the Labor Commissioner, payments were made accordingly, for a time, by the employer's insurance carrier.

Later on, at the instance of Graney, the Industrial Accident Commission determined the extent of "permanent impairment" to his injured hand, and entered a decree defining the compensation payable to him for a specified period of time, which decree was duly performed. Somewhat more than two weeks after the running of the assigned period, Mr. Graney advanced to the Commission another petition. This petition, as eventually amended, asked for a finding and order concerning an alleged partial disability to labor, still continuing. Decision thereon was favorable to the petitioner. A supporting decree was entered, and an appeal was made. The appeal must be sustained.

The provisions of the Workmen's Act may not be invoked without regard to time. Limitations are laid down in that law itself. First, and within thirty days of its happening, a notice of the injury must be given to the employer. Laws of 1919, Chap. 238, Sec. 17. Though knowledge otherwise of the injury may be tanta-

mount to notice; also, accident, mistake, or unforseen cause may excuse its giving. Laws of 1919, Chap. 238, Sec. 20. *Ward-well's Case*, 121 Maine, 216. Next, within one year after the occurrence of the injury, a claim for compensation must be made, (Section 17); but this may be the subject of a waiver. *Smith* v. *Boiler Company*, 119 Maine, 552. The fact remains, however, that there must be a compliance, or the equivalent of a compliance, with these conditions precedent.

Now, the conditions mentioned out of the way, if an employer and his employee do not reach an agreement respecting the compensation to be paid, or, if an agreement arrived at by them fails,— on the ground of nonconformity to the statute,—of the Labor Commissioner's approval, then, and in each of these instances, either employee or employer may, within two years after the day of the date of the injury, apply to the commission to fix the amount of compensation. Sections 30 and 39, the two in concert. Proceedings of this nature are called original.

If there be an officially approved agreement, or a fixing decree, then, within, both the time which the one or the other assigns for the payment of compensation and two years from the date of approval or entry of decree, there may be a reconsideration of the situation with regard to the question of whether incapacity for work has ended, increased, or diminished. Section 36. A petition of this kind is known as one for a review.

Other provisions of the statute, indulging a mental or physical incompetency, and providing for the modification of one agreement by another, do not here claim more than this passing notice.

The plaintiff is in full accord with what has been said to now. His advanced reliance, however, is Section 16. That section, so far as its provisions are material here, is in this tenor:

"In cases included in the following schedule the disability in each such case shall be deemed to be total for the period specified and after such specified period, if there be a partial incapacity for work resulting from the injury specified, the employee shall receive compensation while such partial incapacity continues under the provisions of section fifteen, . . . . The compensation to be paid . . . . shall be" (as defined in fourteen different cases, beginning with one dealing with the loss of a thumb).

It will be seen, by reference to the section, that the first part of its opening paragraph is positive and direct as to what, in named instances, in virtue of a legislative conclusion, shall be deemed the duration of presumed total disabilities for working, and that the section leaves its rule unrelaxed by the circumstances of actual fact. In the second part of the paragraph, questions of partial disabilities, remaining after the presumed total ones, and resulting therefrom, are referred to be decided under the supervision and sanction of the Commission, conformably to the provisions of an immediately preceding section.

Let it be observed that there is no limitation, no qualification, no condition whatever attached to the classification made by Section 16, except that a case shall come within its definition. Sections 30 & 39 and Section 36, each have limitations and qualifications, but in Section 16 there are none in regard to the total disabilities that it names, because it was intended there should be none. But Section 16 has relation to those, and only those, cases which it definitively mentions. As to them it lays down a prevailing definition. Besides, as has been seen, it sends the question of any partial disability, thereafter remaining, in the instances of its mention, to the Commission for attention; though it does not mark a way to procedure.

A case not within the prescription of Section 16 is governed by Sections 30 & 39, or by Section 36, whichever may fit the exigency. The case in hand is outside the schedule of Section 16. Mr. Graney's injury was not of the kinds that that section names. The section governing a further procedure in his case is numbered 36. Under that section proceedings are barred, for, while the petition was filed before the expiration of two years from the entry of the decree, still it was not filed before the expiration of the designated compensable period. There is neither legal nor logical avenue around the barrier. The bar is a part of the statute, and it is the duty of the commission as an administrative tribunal and of this court to enforce the provision.

In *Lemelin's Case*, 121 Maine, 72, as here, the petition, belatedly filed, while original in form and so inadvertently styled, yet in purpose was one seeking an increase, by way of a review of proceedings, and so was regarded in the arrived-at result. And an "increase," let it be noticed, may include an extending of the time of the award quite as well as the augmenting of the installments of stipend.

It may not be unworthy of remark, touching the subject of procedure under the act, that, seemingly, when a case falls within Section 16, a convenient and consistent method would be to reserve it, on the close of the first proceedings, for further hearing at the ending of the statute period of disability. This thought likely was in the mind of the writing Justice in *Maxwell's Case*, 119 Maine, 504, as he there indicated the consistent simplicity, directness, and expedition which ought to attend the administration of the remedial legislation.

More need not be said.

*Appeal sustained.*
*Petition dismissed.*