Frank MURRAY

v.

**T. W. DICK COMPANY, INC. and American Mutual Insurance Co.**

Supreme Judicial Court of Maine.

March 1, 1979.

Berman, Berman & Simmons, P. A. by Paul F. Macri (orally), Jack H. Simmons, Lewiston, for plaintiff.

Robinson, Hunt & Kriger by James M. Bowie (orally), James S. Kriger, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

DELAHANTY, Justice.

In this unusual workers' compensation case, the claimant, Frank Murray, was president, treasurer, and 25% owner of the appellant, T. W. Dick Company, Inc. (Company), since 1967. The Company, a manufacturing and wholesaling corporation, employed approximately thirty-five individuals and registered yearly sales as high as $2,600,000. Terminated in 1976 when he could no longer effectively discharge his executive duties, Murray sought compensation asserting that his hypertension and severe depression were disabilities arising out of and in the course of employment and that they also constituted an occupational disease. The Industrial Accident Commission,[1] by decree dated October 11, 1977, awarded compensation for total incapacity on both grounds, which decision, affirmed by a pro forma decree of the Superior Court, Kennebec County, is before us for review. Since we conclude that the claimant failed to satisfy the notice or knowledge provisions contained in 39 M.R.S.A. §§ 63–64, we sustain the appeal.

Murray's first claim is that his condition constituted an injury compensable under 39 M.R.S.A. §§ 51 *et seq.* Under these provisions, it is clear that no action can be maintained unless an employer receives notice of the injury "within 30 days after the date thereof." 39 M.R.S.A. § 63. Notice is excused if within that time period the employer acquires knowledge of the injury. 39 M.R.S.A. § 64. The appellee asserts that these sections are affirmative defenses with the burden of proof resting with the employer. We disposed of this argument in *Boober v. Great Northern Paper Co.*, Me., 398 A.2d 371 (1979). Concluding that 39 M.R.S.A. §§ 63–64 were in the nature of conditions precedent to recovery, we held that once raised by the employer the burden to demonstrate notice or knowledge falls squarely on the claimant. *Id.* at 373. *See Graney's Case*, 121 Me. 500, 118 A. 369 (1922); 1 R. Field, V. McKusick, & L. Wroth, Maine Civil Practice § 9.4 (2d ed. 1970).

To satisfy the requirements of 39 M.R.S.A. §§ 63–64, the employer must be notified or know that the employee received an injury and that "the injury might be *work related* and therefore compensable." *Farrow v. Carr Brothers Co.*, Me., 393 A.2d 1341, 1344 (1978). (emphasis in original). Thus in *Farrow* the employee was barred where, knowing that he almost certainly had a compensable injury, he told his supervisor only that he had a knee injury and not that the injury was job related. This dual requirement, dating as far back as *Bartlett's Case*, 125 Me. 374, 134 A. 163 (1926), is grounded on strong policy considerations. Unless an employer knows of a potentially compensable claim, there would be no reason for him to investigate the incident, correct the conditions which may have led to the injury, and otherwise minimize the loss. Accordingly, we decline the appellee's invitation to modify our long-standing requirement that the claimant demonstrate that the employer was notified or knew that the employee received a job-related injury.

Turning to the material facts, Murray attempted to discharge his burden by showing that William Weaver, Murray's copartner, had knowledge that his injury was job related by the date of his termination.

Murray, the only person testifying at the hearing, stated that Weaver was an absentee owner, an individual whom the claimant spoke to no more than six times a year by telephone. According to the appellee, Weaver, as a copartner, would have recognized that the Company suffered certain business losses while Murray was its chief executive officer. In particular, Weaver would have known that a judgment error by Murray in 1974 resulted in the Company being over-inventoried by $1,000,000. Of

---

1. By virtue of 1978 Me. Acts ch. 612, the Commission's name has been changed to the "Workers' Compensation Commission."

necessity, Weaver would also have been aware that a 1975 plan to purchase another company was aborted when the financing fell through, an aspect of the take-over which was the claimant's responsibility. Weaver also knew that Murray, after passing out while driving an automobile, was briefly hospitalized in 1975 and 1976. Finally, on March 12, 1976, Weaver relieved Murray of his duties on the ground that he was no longer physically or mentally capable of performing his job and suggested that he seek psychiatric assistance. According to Murray, these facts, taken together, lead to an ineluctable inference that Weaver knew that Murray's injury was job related. Accordingly, the appellee asserts that the Commission's finding of knowledge should be sustained.[2]

Because there was no direct testimony or evidence that Weaver knew that the injury arose out of the employment context, the question arises whether there was an appropriate evidentiary base from which the Commissioner could appropriately draw that inference.

Concerning the use of inferences, Mr. Justice Weatherbee wrote in *Manchester v. Dugan*, Me., 247 A.2d 827, 829 (1968):

> An inference is a deduction as to the existence of a fact which human experience teaches us can reasonably and logically be drawn from proof of other facts. *An inference must be based on probability and not on mere possibilities or on surmise or conjecture* and must be drawn reasonably and supported by the facts upon which it rests. (emphasis supplied).

*See Ginn v. Penobscot Co.*, Me., 334 A.2d 874 (1975); *Hann v. Merrill*, Me., 305 A.2d 545 (1973).

■ Although as a general rule the Court is bound by the factual findings of the Commissioner if supported by competent evidence, *McQuade v. Vahlsing, Inc.*, Me.,

377 A.2d 469 (1977), where the Commissioner has relied upon an inference to reach a conclusion we are obligated to review his reasoning to determine whether the evidence permits such an inference to be drawn. *Rugan v. Dole Co.*, Me., 396 A.2d 1003 (1979); *Sargent v. Raymond F. Sargent, Inc.*, Me., 295 A.2d 35 (1972).

As we analyze the record, Weaver was aware that over a period of time the claimant became progressively unable to effectively execute his responsibilities. In suggesting that he seek psychiatric assistance, Weaver undoubtedly knew of the injury which Murray was later to claim was compensable. Critically missing, however, was any knowledge on Weaver's part that Murray's injury had its roots in the work environment. Many unfortunate individuals in our society suffer illnesses like or similar to the one described in the instant case. They occur for any number of reasons or for no apparent reason at all. For a person in Weaver's position, it would have been equally probable, if not more so, to attribute Murray's problems to a non-business origin.

■ Murray asserts that he suffered a gradually inflicted mental injury or incapacity. We perceive no reason why in appropriate circumstances such an injury is not fully compensable if in fact it is shown that the injury arose out of and in the course of the employment. *See McLaren v. Webber Hospital Association*, Me., 386 A.2d 734 (1978); *Ross v. Oxford Paper Co.*, Me., 363 A.2d 712 (1976). Nevertheless, with a gradually developing condition, an employer will often not be aware that the injury is job related unless that fact is specifically brought to his attention. By definition, in such a situation there is no isolated precipitating factor or sudden event, no observable lump of coal striking a miner in the head,

---

2. In his decree, the Commissioner stated:
  With respect to the issue of *notice* it is found that Mr. Weaver knew from the beginning of the development of these problems. Furthermore, Mr. Weaver was aware that as of March 12, 1976, Mr. Murray was no longer able to carry out his duties as an employee of

  T. W. Dick Company, Inc. It is found that these facts constitute notice by the employer of the injury to his employee pursuant to M.R.S.A. § 64. The employer knew whether he received formal notice or not. (emphasis in original).

*Blue Bird Mining Co. v. Litteral*, 314 Ky. 709, 236 S.W.2d 936 (1951), which may impart knowledge of a job-related injury or at least give rise to inquiry notice.

We are not implying that such knowledge would never arise where a gradual injury occurs. To the contrary, the question in any injury, gradual or sudden, is whether the surrounding facts indicate the possibility of it being work related. *Farrow v. Carr Brothers Co., supra* at 1344 n.6, *quoting* 3A A. Larson, Workmen's Compensation Law § 78.31(a) (1978). Where the outward manifestations of the injury reasonably suggest a connection to a progressively inflicted job-related stimulus, the requisite knowledge may be present. A more compelling case might have been presented in a situation like *Ross v. Oxford Paper Co., supra*, where the numbness in the claimant's hands would have more directly suggested its connection to the claimant's duties of manipulating heavy rolls of paper. Here, however, where the claimant's illness had so many possible causes, none of them readily ascertainable, that nexus simply is not present.

Considering Murray's claim of an occupational disease, the notice provision of 39 M.R.S.A. § 63 has been specifically incorporated into the requirements for compensation for such diseases. 39 M.R.S.A. § 187.[3] Weaver received no notice in the instant case. Even assuming that knowledge of an occupational disease could serve as an effective substitute for notice, our preceding analysis applies with equal force to this claim as well.

The entry is:

Appeal sustained.

Pro forma decree of the Superior Court vacated.

**3.** In pertinent part, 39 M.R.S.A. § 187 states: Sections 63 and 95 of the Workers' Compensation Act with reference to giving notice, making claims and filing petitions shall apply to cases under this law, except that in cases under this law the date of incapacity as defined in section 186 shall be taken as equivalent to the date of injury in said sections 63 and 95, and the notice under section

Remanded to the Superior Court with direction to remand to the Workers' Compensation Commission for entry of a decree dismissing the employee's petitions.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses, for this appeal.

GODFREY, J., did not sit.

63 shall include the employee's name and address, the nature of the occupational disease, the date of incapacity, the name of the employer in whose employment the employee was last injuriously exposed for a period of 60 days to the hazards of the disease and the date when employment with such employer ceased.