AMERICAN MUTUAL INSURANCE COMPANIES

v.

**Frank W. MURRAY.**

Supreme Judicial Court of Maine.

Argued March 5, 1980.

Decided Oct. 2, 1980.

Robinson & Kriger, Sarah Allison Thornton, Bradley M. Wilson (orally), Portland, for plaintiff.

Berman, Berman & Simmons, John E. Sedgewick (orally), Jack H. Simmons, Lewiston, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN and ROBERTS, JJ.

PER CURIAM.

A case which we previously described as "unusual" has become more unusual. In March, 1979, we vacated a decree of the Workers' Compensation Commission awarding compensation because the petitioner, Frank W. Murray, had failed to satisfy the notice provision of 39 M.R.S.A. §§ 63, 64. *Murray v. T. W. Dick Co.*, Me., 398 A.2d 390 (1979). Thereafter, American Mutual Insurance Companies (American) commenced an action against Murray seeking to recover upon the theory of unjust enrichment the sum of $26,598.54 paid as periodic compensation while the appeal was pending, as required by 39 M.R.S.A. § 104–A.[1] Upon Murray's motion under M.R.Civ.P. 12(b)(6), the Superior Court dismissed the complaint for failure to state a claim upon which relief can be granted. American seasonably appealed. We affirm the judgment of dismissal.

We cannot find, by implication, an intention on the part of the legislature either to deny recovery of such payments or to create

---

es' spurious registration of six of its vehicles in Florida clearly has no bearing on its commerce clause claim.

1. The present version of § 104–A was enacted by P.L. 1977, ch. 333. The previous version did not require payment by the employer pending appeal.

a right of recovery. The legislative record reveals that the legislature intended not to deal with the question. The debate on Chapter 333 in both the House and the Senate reflected an awareness that there was no pay–back provision and that the question was to be left to the courts. 1 Me.Leg.Rec., 108th Leg., 1st Reg.Session, 1977, at 1007 (House debate); 2 Me.Leg. Rec., 108th Leg., 1st Reg.Session, 1977, at 1134 and 1296, 1297 (Senate debate). Although recovery was a competent subject for legislative enactment, the legislature deliberately chose to be silent. At oral argument, both parties suggested that the issue be decided in accordance with common law principles.

We note that the complaint contains no allegation of fraud or suggestion of fraudulent conduct on the part of Murray. No suggestion has been presented to this court that American could, by way of amendment, add anything of significance to its complaint. The issue is squarely presented whether American can recover payments mandated by the Workers' Compensation Act in the absence of any statutory direction or requirement of repayment.

Clearly the question of recovery was within the competence of the legislature when it amended section 104–A. Denial of recovery, whether expressly or by implication, has been found to comport with due process. *See, e. g., Hartford Accident & Indemnity Co. v. Duvall,* 113 N.H. 28, 300 A.2d 732 (1973); *Tompkins v. Rinner Construction Co.,* 196 Kan. 244, 409 P.2d 1001 (1966); *St. Paul Fire and Marine Insurance Co. v. Treadwell,* 263 Md. 430, 283 A.2d 601 (1971); *McAvoy v. H. B. Sherman Co.,* 401 Mich. 419, 435–438, 258 N.W.2d 414, 422–423 (1977).

In *Wentzell v. Timberlands, Inc.,* Me., 412 A.2d 1213, 1215 (1980), we noted that "unlike fields such as torts and contracts in which the law has generally developed through judicial decision, the law of workers' compensation is uniquely statutory." Whether, when the worker has lost on appeal, the beneficent purposes of our workers' compensation law would be frustrated

by a rule requiring repayment of benefits paid pursuant to the mandate of 39 M.R. S.A. § 104–A is a question to be addressed by the legislature. To attempt to resolve this question by engrafting upon the statutory scheme judicially created doctrines of restitution would involve us in the establishment of broad social policy in a field of law created by the legislature in response to legislative dissatisfaction with judicial solutions to the problems of compensation for workers injured in industrial accidents. We are not asked to construe the Workers' Compensation Act; rather, we are asked to establish policy in this uniquely statutory field when the legislature has deliberately elected to remain silent. In the absence of an express legislative command or a clear indication of legislative intention, we leave the parties where the legislature left them.

The entry is:

Judgment of dismissal affirmed.

All concurring.