■ In the Matter of the Claim of LEO NEBENHAUS, Respondent, v LYDMARK CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 4, 1979, which excused claimant's failure to file a timely written notice of claim pursuant to section 18 of the Workers' Compensation Law. Claimant was employed as a butcher by Lydmark Corporation, a corporation owned by him and his family and of which he was president, when, on April 17 and 24, 1978, he allegedly sustained heart attacks. As corporate president, claimant admittedly never filed an employer's report of injury (C-2) with respect to the alleged attacks, and

he also failed to submit an employee's claim form for compensation (C-3) until September 21, 1978, approximately five months after the attacks allegedly occurred. Nonetheless, the board in its decision excused claimant's failure to file with the employer written notice of his attacks within 30 days of their occurrence, as required by section 18 of the Workers' Compensation Law, because "claimant received prompt medical attention and the carrier was not prejudiced". The claim was then continued so that an impartial cardiologist could examine claimant on the questions of diagnosis and causally related disability subsequent to October 30, 1978. The employer and its carrier now appeal and contend that the instant claim should be barred because claimant failed to give the requisite notice under section 18 and his failure was not properly excused by the board. Initially, we note that while both the employer and its insurance carrier are appealing the board's decision, for all practical purposes the interests of the employer and carrier are opposed on this claim and the interests of claimant and the employer, of which he is president, are the same. Such being the case, only the carrier actually seeks a reversal of the board's decision, and subdivision 2 of section 54 of the Workers' Compensation Law which imputes the knowledge of the employer to the carrier must obviously be held inapplicable to the claim. Moreover, it is likewise beyond dispute that the carrier did not receive notice of the claim within 30 days of the alleged attacks as mandated by section 18. Instead, notice was given five months after the attacks, and in our judgment the board's finding that claimant received prompt medical attention and its bald conclusion that the carrier was not prejudiced are insufficient to warrant excusing this failure to meet the statutory notice requirement. The carrier should have been notified within 30 days not only of claimant's attacks, but also of his intention to file a compensation claim (cf. *Matter of Coyle v Morningside House of St. Luke's Home,* 43 AD2d 615), and in this instance, prior to the giving of tardy notice on September 21, 1978, claimant admittedly filed with the carrier several claims for disability benefits wherein he indicated that he did not intend to file a compensation claim. Furthermore, claimant's doctor also indicated on disability forms sent to the carrier that in his opinion claimant's disability did not result from an injury arising out of and in the course of claimant's employment. Significantly, the employer corporation also closed and disbanded one week after claimant's attacks further frustrating any subsequent attempt by the carrier to investigate the circumstances of the compensation claim. Under all these circumstances, the claimant, who must establish that delay in giving the statutory notice has not been prejudicial *(Matter of Choudhury v Brooklyn Hebrew Home & Hosp.,* 46 AD2d 954), has plainly not carried his burden, and the board's conclusion that the carrier was not prejudiced by the late claim clearly cannot be sustained (cf. *Matter of Tolub v Metzger & Sons,* 65 AD2d 839). Accordingly, since the board has not adequately explained its finding of no prejudice, this claim must be remitted to the board for further proceedings on that issue (cf. *Matter of Ross v New York Tel. Co.,* 59 AD2d 815). Decision reversed, with costs to the carrier against the Workers' Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.