**Robert T. PELOTTE**

v.

**PUROLATOR COURIER CORPORATION et al.**

Supreme Judicial Court of Maine.

Argued June 9, 1983.
Decided Aug. 10, 1983.

Laney & Susi, William R. Laney (orally), Skowhegan, for plaintiff.

Mitchell & Stearns, Stephen J. Burlock (orally), Bangor, for defendants.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and VIOLETTE, JJ.

NICHOLS, Justice.

The Defendant employer, Purolator Courier Corporation, and its insurer, Royal Globe Insurance Co., appeal from an order of the Superior Court (Somerset County) entered on June 16, 1982, enforcing a decree of the Workers' Compensation Commission which awarded compensation to the Plaintiff, Robert T. Pelotte. On appeal the Defendant asserts that it should be allowed to set off overpayments made to the Plaintiff prior to the decree of the Commission against the compensation ordered by the terms of the Commission's decree. We deny the appeal.

The facts may be summarized as follows: The Plaintiff suffered a back injury on November 23, 1979, in the course of his employment by the Defendant. On March 22, 1980, the Plaintiff filed a petition for compensation with the Commission. Shortly thereafter the Defendant started making voluntary periodic payments to the Plaintiff which payments were consistent with his having sustained a one-hundred percent disability.

The Defendant continued these payments until April 12, 1982, when the Workers' Compensation Commission issued a decree awarding the Plaintiff periodic compensation for a sixty percent disability. When the Plaintiff sought enforcement of the decree in the Superior Court pursuant to 39 M.R.S.A. § 103–E (Supp.1982–1983), the Defendant asserted that as a result of having made voluntary pre-decree payments at a one-hundred percent disability rate, it had overpaid the Plaintiff by $9,743.14. As a defense to the Plaintiff's action for enforcement of the Commission decree, the Defendant asserted an equitable right to deduct pre-decree overpayments from the payments due the Plaintiff under the terms of the decree. The Superior Court refused to recognize any right to set off overpayments against the terms of the decree. This appeal followed.

By entry of October 26, 1982, the Superior Court had ordered the Defendant to pay a five dollars per day forfeiture. The Plaintiff initially cross-appealed, challenging the amount of this forfeiture. The Plaintiff has since abandoned this challenge. The cross-appeal, therefore, will be dismissed.

█ On appeal the Defendant argues that 39 M.R.S.A. § 51–A (Supp.1982–1983) evidences a legislative intent to permit past overpayments to be set off against future periodic payments. Section 51–A provides:

The provision by an employer of any allowance, benefit, payment or service to an injured employee ... which is not then required to be provided under this Act or which is provided when there is any dispute or question concerning the right of the employee or his dependents to compensation under this Act, *shall not be considered to be an admission of liability for compensation by the employer.*

39 M.R.S.A. § 51–A (emphasis added). Although conceding that the language of the statute does not go so far as expressly to create a right to set off past overpayments against future payments, the Defendant contends that the implications of the statute require this Court to recognize such a right. We disagree.

We cannot find any intention on the part of the Legislature to permit recovery of past overpayments. While section 51–A unquestionably establishes that voluntary payments will not constitute an admission of liability on the part of the employer, there is no indication, either in the language of section 51–A or in legislative history, that the Legislature intended to confer upon employers a right to recover past overpayments. It was within the competence of the Legislature when it enacted section 51–A to create such a right.

■ As we noted in *Wentzell v. Timberlands, Inc.,* 412 A.2d 1213, 1215 (Me.1980), "unlike fields such as torts and contracts in which the law has generally developed through judicial decision, the law of workers' compensation is uniquely statutory." *See American Mutual Insurance Companies v. Murray,* 420 A.2d 251, 252 (Me.1980). Although the absence of a right to set off voluntary pre-decree overpayments against subsequent periodic compensation may discourage employers from making maximum pre-decree payments, it is for the Legislature, rather than this Court, to address that issue.

Our decision in *American Mutual Insurance Companies v. Murray* is directly controlling. In that case we stated:

To attempt to resolve this question by engrafting upon the statutory scheme judicially created doctrines of restitution would involve us in the establishment of broad social policy in a field of law created by the legislature in response to legislative dissatisfaction with judicial solutions to the problems of compensation for workers injured in industrial accidents.... In the absence of an express legislative command or a clear indication of legislative intention, we leave the parties where the legislature left them.

420 A.2d at 252. *Accord, Matter of Johner,* 643 P.2d 932, 934–35 (Wyo.1982).

The entry is:

Appeal denied.

Cross-appeal dismissed.

Judgment affirmed.

All concurring.