**STATE INSURANCE FUND, Plaintiff,**

v.

**Albert G. PERKES, Defendant.**

**No. 19071.**

Supreme Court of Utah.

Oct. 27, 1983.

Fred R. Silvester, Salt Lake City, for plaintiff.

Nolan J. Olsen, Midvale, for defendant.

OAKS, Justice:

This case concerns the time limits for reporting an injury and filing a claim by a self-employed worker covered by workmen's compensation.

Perkes is a self-employed operator of a service station. In November 1980, he suffered a hernia in the course of his employment. He sought no medical help and filed no claim or report of injury. On March 3, 1982, the preexisting hernia strangulated, and he was hospitalized for corrective surgery. Medical expenses totalled $2,013.40. The Industrial Commission ordered the State Insurance Fund to pay this amount, plus $22.72 for lost time. On this petition for review, the Fund argues that the award should be set aside because Perkes' claim was not filed in time.

Utah Code Annotated, 1953, § 35–1–99 provides that an employee's right to compensation is barred if he does not give his *employer* notice of his accident and injury within one year. That section does not bar Perkes since, being his own employer, he automatically fulfilled its requirement. Section 35–1–97 requires an employer to report an accident to the Commission with-in a week. That section does not provide any defense for the Fund since it does not bar an injured employee because of his employer's failure to report.

Our statutes make no provision for the special circumstance of nonreporting by a self-employed/covered employee. The Fund urges that we fashion a reasonable period of limitations by construing these two sections to bar claims a self-employed person has not reported to the Commission within the one year § 35–1–99 allows an employee, plus the one week § 35–1–97 allows an employer. Although conscious of the desirability of timely asserted claims, we are unable to read the Fund's proposed limitation into the existing statutes, and we are unwilling to fashion a limitation of our own. If a bar is to be imposed on a self-employed person's delays in reporting his own injuries to the Commission, the Legislature must impose it.

In the meantime, insurance carriers are not without some protection from stale claims. Section 35–1–99 provides (subject to exceptions not pertinent here) that the right to compensation is wholly barred if no claim is filed with the Commission within three years from the date of the accident.

The award is affirmed.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.