**Omer DAIGLE**

v.

**Omer DAIGLE and Liberty Mutual Insurance Co.**

Supreme Judicial Court of Maine.

Argued Nov. 18, 1985.

Decided Feb. 26, 1986.

298 (Me.1975); *State v. Pullen*, 266 A.2d 222, 228–29 (Me.1970); *State v. Silva*, 153 Me. 89, 101–02, 134 A.2d 628, 634 (1957); *State v.*

Tanous & Heitman, Wakine Tanous (orally), East Millinocket, for plaintiff.

Rudman & Winchell, Dawn Pelletier, (orally), Michael Friedman, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and SCOLNIK, JJ.

GLASSMAN, Justice.

Liberty Mutual Insurance Company (Liberty Mutual) appeals from the decision of the Appellate Division of the Workers' Compensation Commission, affirming the decision of the Commissioner that the failure of Omer Daigle (Daigle), a self-employed claimant, to notify his insurer, Liberty Mutual, within thirty days of a work-related injury did not bar Daigle's claim for compensation. We find no error in the ruling of the Appellate Division and deny the appeal.

I.

By stipulation of the parties, the sole issue presented to the Commissioner was whether, since Daigle was self-employed, he was required to give notice of his work-related injury to Liberty Mutual within thirty days, pursuant to 39 M.R.S.A. § 63 (1978). The Commissioner held that notice to Liberty Mutual was not required under section 63 and awarded compensation to Daigle. The Appellate Division affirmed the decision of the Commissioner, and Liberty Mutual appeals.

II.

This case raises the novel question whether the injured self-employed claimant must give notice of the work-related injury to the insurance carrier within thirty days under the notice provision in 39 M.R.S.A.

*O'Donnell,* 131 Me. 294, 303, 161 A. 802, 806 (1932).

§ 63 (1978).[1] Section 63 provides that no proceeding for compensation shall be maintained under the Workers' Compensation Act (hereinafter the Act) unless notice of the injury is given to the employer within thirty days of the date of injury. The Act defines "employer," if insured, to include the insurer "unless the contrary intent is apparent from the context or [it] is inconsistent with the purposes of this Act." 39 M.R.S.A. § 2(1) (1978). Liberty Mutual asserts that it is consistent with the purposes of section 63 and of the Act in general to bar Daigle's claim absent notice to Liberty Mutual within thirty days. We disagree.

We recognize the two policies competing for application here. *See Clark v. DeCoster Egg Farms*, 421 A.2d 939, 942 (Me.1980). First, the purpose of the notice provision is to permit the employer to determine whether the injury is work-related, to take steps to assure prompt medical attention, and to conduct early investigation of the circumstances of the injury. *Id.; see also Dunton v. Eastern Fine Paper Co.*, 423 A.2d 512 (Me.1980). The early notice requirement also affords protection against false or mistaken claims and contentions. *Clark v. DeCoster Egg Farms*, 421 A.2d at 942. Contrary to Liberty Mutual's contention, the purpose of the notice provision is realized on the facts of this case because the parties have stipulated that the injury was work-related and the injured employee has received medical treatment. There is no need for investigation into the circumstances of the injury for the purpose of determining coverage under the Act. This case is therefore distinguishable from *Murray v. T.W. Dick Co.*, 398 A.2d 390 (Me.1979), where the employee's claim was barred because the absentee owner-employer lacked notice that the employee's claim was work-related. Furthermore, we note that as in *Murray*, no question of fraudulent conduct on the part of the claimant has arisen here.

Competing with the employer's interest in timely notice is the basic purpose of the Act. As recognized by the Appellate Division, the basic purpose of the Act is to provide compensation for the loss of earning capacity arising from work-related injuries. *See Levesque v. Shorey*, 286 A.2d 606, 609 (Me.1972). We have consistently held that the Act is remedial in nature and "is to be so construed to accomplish its beneficent purpose and avoid incongruous or harsh results." *Clark v. DeCoster Egg Farms*, 421 A.2d at 942; *see* 39 M.R.S.A. § 94–A(3) (1984);[2] *Canning v. State*, 444 A.2d 387, 390 (Me.1982); *Levesque v. Levesque*, 363 A.2d 951, 954 (Me.1976). We conclude that to bar Daigle's claim, when the injury was clearly work-related and the employer had knowledge of the nature of the injury, would not only be inconsistent with the purpose of the Act but would also lead to an unduly harsh result.

Our conclusion draws additional support by reading the notice requirements of sec-

1. 39 M.R.S.A. § 63 (1978) provides:

   No proceedings for compensation under this Act, except as provided, shall be maintained unless a notice of the injury shall have been given within 30 days after the date thereof. Such notice shall include the time, place and cause, and the nature of the injury, together with the name and address of the person injured. It shall be given by the person injured or by a person in his behalf; or, in the event of his death, by his legal representatives, or by a dependent or by a person in behalf of either.

   Such notice shall be given to the employer, or to one employer if there are more employers than one; or, if the employer is a corporation, to any official thereof; or to any employee designated by the employer as one to whom reports of accidents to employees should be made. It may be given to the general superintendent or to the foreman in charge of the particular work being done by the employee at the time of the injury.

2. Section 94–A(3), which directed the Commission to construe the Act liberally, was repealed and replaced in 1985. P.L. 1985, c. 372, § A, 34 (effective June 30, 1985). The new section 94–A(3) directs that the rule of liberal construction shall not apply to Workers' Compensation cases, nor are the interests of either the employee or the employer to be favored. However, the emergency clause of P.L. 1985, c. 372 provided that section 94–A(3) as amended shall apply only as to injuries occurring on and after the effective date, rendering it inapplicable to the instant case.

tion 63 in context with the actual knowledge requirements of section 64. Section 64 provides, *inter alia,* that want of notice to the employer "shall not be a bar to proceedings under this Act if it can be shown that the employer or his agent had knowledge of the injury." To construe "employer" here to include insurer is contrary to the intent apparent from the context, since the insurer would rarely have occasion to acquire actual knowledge of the injury. Accordingly, in construing this provision, we have not required such knowledge on the part of the insurer and have focused exclusively on the employer's knowledge to determine whether notice is excused. *See, e.g., Murray v. T.W. Dick Co.,* 398 A.2d at 390; *Ross v. Oxford Paper Co.,* 363 A.2d 712 (Me.1976). There is no question in this case where the identity between the employee and employer is complete, that the employer had actual knowledge of the injury thereby satisfying section 64. Want of notice to the insurer should not, therefore, bar the employee from proceeding under the Act.

Liberty Mutual further urges us to examine the legislative history of the Act. It asserts that the legislature, by its failure to amend section 63 to cover the self employment situation, must have intended to require that the self-employed claimant notify the insurer.[3] We have previously noted, in *Wentzell v. Timberlands, Inc.,* 412 A.2d 1213, 1215 (1980), that unlike other fields "in which the law has generally developed through judicial decision, the law of workers' compensation is uniquely statutory." *See also American Mutual Insurance Companies v. Murray,* 420 A.2d 251, 252 (Me.1980). When the legislative record is silent as to the legislature's intent in failing to harmonize the notice provision and the amended definition of employee, we decline to read an additional notice requirement into section 63. To engraft such a requirement upon the statutory scheme would be to establish policy in a legislatively created field of law, a function we refused to undertake in *American Mutual Insurance Companies v. Murray,* 420 A.2d at 252.

Courts in other jurisdictions have similarly refused to require the self-employed injured person to report his injury to an additional party within a specific time when the notice provision in the workers' compensation law does not expressly so provide. *Dick's Delicatessen of Paoli, Inc. v. Workers' Compensation Appeal Board,* 82 Pa. Commonw. 444, 475 A.2d 1345 (Pa. 1984); *Travelers Insurance Co. v. Workers' Compensation Appeal Board,* 68 Pa. Commonw. 24, 447 A.2d 1116 (Pa.1982); *see, e.g., State Insurance Fund v. Perkes,* 672 P.2d 101 (Utah 1983).[4] The Utah court found that such a requirement should be imposed by the legislature and not by the court. *See State Insurance Fund v. Perkes,* 672 P.2d at 102. The Pennsylvania court characterized the duty to notify the insurance carrier as a contract matter to be expressly agreed upon and set forth in the insurance contract. *Dick's Delicatessen of Paoli, Inc. v. Workers' Compensation Appeal Board,* 82 Pa. Commonw. at 451, 475 A.2d at 1349. We agree that such an additional duty is not for the court to impose. Accordingly, we find no error in the Commissioner's decision finding the claimant entitled to compensation under the Act.

---

**3.** We recognize that section 63 has not been amended to except the self-employment situation covered by the Act since 1977. P.L. 1977, c. 539, § 1 amended the definition of employee in section 2(5)(B) of the Act to include any person who elects to be personally covered by the Act "who regularly operates a business or practices a trade, profession or occupation, whether individually, or in a partnership or association with other persons, whether or not he hires employees."

**4.** The insurer's reliance on cases in Oklahoma and New York is misplaced because the insurers' interests are expressly considered in the notice provisions of the workers' compensation laws in those states. *See, e.g.,* N.Y. Work. Comp. Law § 18 (Consol.1965); *Nebenhaus v. Workers' Compensation Board,* 79 A.D.2d 804, 435 N.Y.S.2d 101 (1980); Okla. Stat. tit. § 24 (1970); *Fidelity Union Casualty Co. v. State Industrial Accident Comm.,* 130 Okla. 65, 265 P. 131 (1928).

The entry is:

Decision of the Appellate Division affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

NICHOLS, ROBERTS and WATHEN, JJ., concurring.

SCOLNIK, Justice, with whom McKUSICK, Chief Justice, joins, dissenting.

I respectfully dissent. In the limited situation where an insured employer and the employee are the same person, it is my view that it is not inconsistent with the purposes of the Worker's Compensation Act to define the term "employer" in section 63 to include insurer, thus requiring the self-employed claimant to give notice of the work-related injury to his compensation insurance carrier within thirty days therefrom.

Title 39, section 63 of the Maine Revised Statutes Annotated (1978) provides:

No proceedings for compensation under this Act, except as provided, shall be maintained unless a notice of the injury shall have been given within 30 days after the date thereof. Such notice shall include the time, place and cause, and the nature of the injury, together with the name and address of the person injured. It shall be given by the person injured or by a person on his behalf; or, in the event of his death, by his legal representatives, or by a dependent or by a person in behalf of either.

Such notice shall be given to the employer, or to one employer if there are more employers than one; or, if the employer is a corporation, to any official thereof; or to any employee designated by the employer as one to whom reports of accidents to employees should be made. It may be given to the general superintendent or to the foreman in charge of the particular work being done by the employee at the time of the injury.

The structure of the statute is significant. The first paragraph contains the requirement of notice without designating the party to whom it shall be given. It is clearly discernible that the Legislature's purpose in requiring notice was to ensure that the Act be administered in a manner that is fair to the party who would be disadvantageously affected if the claimant prevailed. The second paragraph of section 63 specifies the parties to whom a notice may be given in order to satisfy the requirement of notice to the employer. The Act further provides that if the employer is insured, the term "employer" includes the insurer "unless the contrary intent is apparent from the context or [if such inclusion] is inconsistent with the purposes of this Act." 39 M.R.S.A. § 2(1) (1978). I find no plausible basis for concluding that this definition of employer requires that we exclude the insurer on the ground that the context of the statute requires it or that its inclusion in some way frustrates the purposes of the Act.

I agree with the Court that the purpose of the notice requirement contained in section 63 is to allow the employer to conduct a timely investigation of the circumstances of the accident, to determine whether an injury has indeed occurred, and, if so, the extent of the injury and whether it was work-related. *See, e.g., Clark v. DeCoster Egg Farms*, 421 A.2d 939, 942 (Me.1980). Since the employer is ordinarily responsible for providing benefits for work-related injuries, the notice requirement incorporates a basic fairness principle of affording the employer the opportunity to protect himself against a false, mistaken or stale claim. Where the claimant is self-employed, however, the insured employer has little motivation to protect himself against a claim made in his other capacity because his interests as employee far outweigh his interests as employer.

In these limited circumstances involving an inherent conflict of interest, the purpose

of section 63 dictates that the compensation carrier receive timely notice as the real party in interest who is exposed to harm by a claimant's unfounded or stale claim. The argument that information concerning the existence and name of a compensation carrier might not be available to most employees, is untenable in the case of a self-employed claimant who would obviously be knowledgeable in this regard. Accordingly, to require notice to the insurer is not inconsistent with the purposes of the Act because it allows the real adverse party to protect his interests by having early notice of the injury.

I do not accept the Court's statement that the policy behind the Act's notice provision is in direct competition with the basic remedial purpose of providing compensation for work-related injuries, because, in my view, these two purposes were intended to coexist. The Legislature clearly intended to provide that benefits be paid to an employee injured in the work place and that notice be given to the employer within thirty days of the injury. In no circumstances can this notice requirement be subverted by weighing its policy purpose against that of affording compensation to the employee and concluding that the latter must predominate. *Murray v. T.W. Dick Co.*, 398 A.2d 390, 391 (Me.1979). For this reason the Court's reliance on *DeCoster* is misplaced. The balancing process was justified in *DeCoster* not to eviscerate the requirement that a thirty day notice be given, but rather to decide whether that particular notice met the substantive requirements of the statute. It was undisputed that the notice was timely. The real disagreement related to the sufficiency of its contents. *Clark v. DeCoster Egg Farms*, 421 A.2d at 942–43. Only in that context is it appropriate to weigh these coexisting policies of the Act.

Furthermore, in applying section 63 to this case the Court concludes without justification that in the absence of demonstrated prejudice, the claim is not barred. This unwarranted superimposition of a judicial gloss upon the statutory notice provision is the result of the Court's erroneous implication that if the parties in *Murray v. T.W. Dick Co.*, 398 A.2d 390, had stipulated, as was done here, that the injury was work-related, the employee, despite his failure to give timely notice, would not have been barred from receiving compensation. *See* At 779. Contrary to the Court's conclusion, the case before us is indistinguishable from *Murray*, because both cases involve untimely notice. Nowhere in the Act or in relevant decisions by this Court do I find any suggestion that the notice provision is not fully effective if prejudice is not shown. In the absence of statutory language that nullifies the requirement of notice where no prejudice has been demonstrated, the Court should refrain from creating a notice provision exception in order to decide this case. Our analysis should simply focus on whether it is inconsistent with the Act's purposes to define employer to include the compensation insurer.

Analyzing the matter along these lines, it is difficult to perceive how notice from a self-employed claimant to the insurer as the real party in interest is any more at cross-purposes with the remedial objectives of the Act than notice to the employer would be in the ordinary situation where the employer and employee are not the same individual. Notice to the compensation carrier is also not inconsistent with the statute's purpose in providing notice. The inconsistency question is not simply resolved by relying on the basic remedial purpose of affording compensation for victims of work-related injuries in such a way as to render meaningless the coexisting requirement of notice that was included as a "trade-off" in the statutory scheme which was designed to afford to all parties in interest a reasonable degree of protection.

Finally, in examining the purposes of section 63, the Court is heavily influenced by the facts of this particular case and arrives at its conclusion to avoid imposing a

harsh result on the employee.[1] It opines that it is inconsistent with the Act to require notice to the compensation carrier because the purposes of the notice provision are here satisfied. The fact that the parties stipulated that Daigle sustained a work-related injury should be deemed irrelevant to a statutory interpretation that will serve as precedent for future cases where the facts show that the purpose underlying the notice provision is not realized, for example, where a self-employed claimant has filed a questionable claim after all opportunity to investigate had passed. The Court's fact-oriented analysis could thus lead to harsh or incongruous results that are equally abhorrent as those that the Court seeks to avoid in this case. The correct approach, therefore, is to determine whether it is consistent with the purposes of the notice requirement to include the insurer as a necessary notice recipient when the employee and employer are one and the same person; not, as the Court suggests, whether such an interpretation would bring about a harsh result in this particular case.

Accordingly, I would vacate the decision of the Appellate Division because it is entirely consistent with the Act to include insurers within the notice requirement of section 63 when the employer and employee are one and the same person.

---

1. Any reliance on the decision of the Pennsylvania and Utah courts is misplaced because those states have no provision within their respective Acts similar to section 2(1) of our Act. Similarly, the actual knowledge requirements of section 64 have no application to this appeal. We are not asked to construe the term "employer" as used in section 64, but whether, as the Court articulated the issue, the self-employed plaintiff "was required to give notice of his work-related injury to Liberty Mutual within thirty days, pursuant to 39 M.R.S.A. § 63 (1978)." *See* At 778.